**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

| | |
|---|---|
| MARIE ACOSTA, Individually and on Behalf of Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| HEALTHCARE SERVICES GROUP, INC., | )<br>) |
| Defendant. | ) |

**COLORADO COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABORS STANDARDS ACT AND A COLORADO RULE 23
CLASS ACTION FOR VIOLATIONS OF THE COLORADO WAGE ACT
AND THE COLORADO MINIMUM WAGE ORDERS**

Plaintiff Marie Acosta ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant Healthcare Services Group, Inc. ("HCSG" or "Defendant") seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § *201 et seq.*, the Colorado Wage Act ("CWA"), CWA §§8-4-101 *et seq.*, and the Colorado Minimum Wage Order ("CMWO") Nos. 24-29. (The CWA and the CMWO will be collectively referred to as the "Colorado Wage Laws."). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b), while the Colorado Wage Law claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's Colorado Wage Law claims because those claims derive from a common nucleus of operative fact.

3. This Court has personal jurisdiction over Defendant because it is a corporation that is registered to conduct business in this District, conducts substantial business in this District, and has sufficient minimum contacts within this District.

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because at all times relevant hereto, Defendant is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendant has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendant was registered to conduct business in the State of Colorado and conducts substantial business in the State of Colorado.

## PARTIES

5. Plaintiff Marie Acosta is an adult individual who at all times material herein was a resident of the State of Colorado and was employed by Defendant HCSG as an Environmental Services Account Manager. Plaintiff has evidenced her consent to bring this lawsuit by filing the attached Notice of Consent pursuant to 29 U.S.C. §216(b). *See*, Exhibit A.

6. Defendant Healthcare Services Group, Inc. is a publicly traded Pennsylvania corporation that is registered to do business in Colorado. It has multiple places of business in

Colorado and sells or offers for sale a service, which generates at least 50% or more of its annual dollar volume of business as provided in the CMWO No. 24.

7. Defendant provides comprehensive environmental services in interstate commerce to the healthcare industry around the country, including Colorado. Defendant has over 35,000 employees across the country with annual gross operating revenues, exclusive of excise taxes at the retail level that exceed $500,000.00.

8. Defendant can be served through its statutory agent the Corporation Service Company.

9. Plaintiff and others similarly situated are current or former employees of Defendant as that term is defined under the FLSA and the Colorado Wage Law.

## SUMMARY

10. Plaintiff is an Environmental Services Account Manager who was misclassified by Defendant as exempt from the overtime provisions of the FLSA and the Colorado Wage Laws, as described below.

11. Defendant uses the same Operations Manual on a company-wide, national basis.

12. Defendant has a nationwide practice of misclassifying all of its Environmental Services Account Managers as exempt from the overtime provisions of the FLSA and applicable state wage and hour laws.

13. Plaintiff brings this action on behalf of herself and all similarly situated persons employed by HCSG as an Environmental Services Account Manager in the State of Colorado during any workweek since December 18, 2010, who were misclassified as exempt and were not

paid for all hours worked and were not paid overtime for any hour worked in excess of forty (40) in one workweek ("FLSA Class").

14. Plaintiff also brings this action on behalf of herself and all similarly situated persons who were employed by HCSG as an Environmental Services Account Manager in the State of Colorado during any workweek since December 18, 2010 who were misclassified as exempt and were not paid overtime despite working in excess of (a) forty (40) hours per week; (b) twelve (12) hours per workday; and/or (c) twelve (12) consecutive hours without regard to the starting and ending of the workday ("Colorado Wage Law Class").

## FACTS COMMON TO ALL CLAIMS

15. Defendant provides environmental services as an alleged independent contractor to various healthcare facilities in Colorado and throughout the country. These environmental services include, but are not limited to, housekeeping, laundry and floor care services.

16. Defendant typically assigns at least one Environmental Services Account Manager to each of its facilities, along with environmental services hourly staff (i.e. floor techs, housekeepers, laundry aides).

17. The duties performed by the environmental services hourly staff are manual and routine; and are to be performed the same way every day. These routine manual duties are detailed in written Job Routines, which are prepared by one of Defendant's District Managers.

18. Defendant does not provide its facilities with sufficient labor budgets for the environmental services hourly staff to complete all of the manual duties. Thus there is a gap between the duties that need to be performed and the amount of time Defendant provides its environmental services hourly staff to perform them. To fill the gap, HCSG requires its

Environmental Services Account Managers to perform the same manual duties that the environmental services hourly staff performs. These duties include, but are not limited to, dust and damp mopping hard floors, carpet cleaning and extraction, dry/wet bonneting, stripping and waxing hard floors, resident room changes and cleaning, common area cleaning and laundry.

19. Indeed, Defendant's Job Description for Environmental Services Account Managers includes these same manual duties as the essential functions.

20. During her employment with Defendant as an Environmental Services Account Manager, Plaintiff performed the manual duties described above. Indeed, Plaintiff spent the vast majority of her day performing these manual tasks. Performing these manual duties was the primary part of Plaintiff's job. This is typical of all persons who have been Environmental Services Account Managers for Defendant in the State of Colorado during the Class Period.

21. HCSG Environmental Services Account Managers are directly supervised by an HCSG District Manager. They are also supervised, controlled and directed by the facility's management personnel. Indeed, the facility retains absolute control, direction and supervision over Defendant's Environmental Services Account Manager's and Defendant's Environmental Services hourly staff.

22. Plaintiff, the FLSA Class and the Colorado Wage Law Class have worked a substantial amount of overtime as an Environmental Services Account Manager and only received a salary, despite working in excess of: (a) forty (40) hours per week; (b) twelve (12) hours per workday; and/or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday.

23. Plaintiff, the FLSA Class and the Colorado Wage Law Class have never been compensated for any overtime. Defendant's company-wide practice with regard to Plaintiff and the amount of hours she worked is typical of the FLSA Class and the Colorado Wage Law Class during all times relevant to this action.

24. There was never any agreement between the Plaintiff, the FLSA Class and the Colorado Wage Law Class and Defendant that their salary was intended to compensate them for hours worked in excess of: (a) forty (40) hours per week; (b) twelve (12) ours per workday; and/or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday.

25. Defendant uniformly misclassified the Plaintiff, the FLSA Class and the Colorado Wage Law Class as exempt and therefore subjected the Plaintiff, the FLSA Class and the Colorado Wage Law Class to the same unlawful pay practices by not paying for all hours worked and not paying overtime as that term is defined by the FLSA and by Colorado Wage Law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this FLSA action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all FLSA Class Plaintiffs who are part of the following class:

> All individuals employed by HSCG as an Environmental Services Account Manager in the State of Colorado, during any workweek since December 18, 2010, who were misclassified as exempt and were not paid for all hours worked and were not paid overtime for any hour in excess of forty 40 in one workweek.

These individuals are referred to as "the FLSA Class."

27. Collective Action treatment of Plaintiff's FLSA claim is appropriate because Plaintiff and the FLSA Class have been subjected to the common business practices referenced

herein and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant's misclassification of Environmental Services Account Managers fails to properly compensate the FLSA Class.

## COLORADO WAGE LAW RULE 23 CLASS ALLEGATIONS

28. Plaintiff brings this FLSA action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all FLSA Class Plaintiffs who are part of the following class:

> All individuals employed by HSCG as an Environmental Services Account Manager in the State of Colorado, during any workweek since December 18, 2010, who were misclassified as exempt and were not paid for all hours worked and were not paid overtime and only received a salary, despite working in excess of: (a) forty (40) hours per week; (b) twelve (12) hours per workday; and/or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday.

These individuals are referred to as "the Colorado Wage Law Class."

29. The Colorado Wage Law Class includes, upon information and belief, hundreds of individuals and, as such, is so numerous that joinder of all class members is impracticable.

30. Plaintiff is a member of the Colorado Wage Law Class, and her claims are typical of the claims of other Colorado Wage Law Class members. Plaintiff has no interests that are antagonistic to or in the conflict with the interests of other class members.

31. Plaintiff will fairly and adequately represent the Colorado Wage Law Class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the Colorado Wage Law Class.

32. Questions of law and fact are common to the Colorado Wage Law Class. Among such common questions of law and fact are the following:

      a.      Whether Defendant HCSG improperly classified all Colorado Environmental Services Account Managers as exempt from Colorado's wage and hour state laws;

      b.      Whether all Colorado Environmental Service Account Managers were compensated for all hours worked in a workweek, including those hours in excess of: (a) forty (40) hours per week; (b) twelve (12) ours per workday; and/or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday.

      c.      Whether Defendant HCSG's conduct was willful and not done in good faith.

33. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Colorado Wage Law Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual Colorado Wage Law Class members would as a practical matter be dispositive of the interests of non-party Colorado Wage Law Class members.

34. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Colorado Wage Law Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Colorado Wage Law Class as a whole.

35. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual Colorado Wage Law Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## CLAIM FOR RELIEF

## COUNT ONE

### Violation of the Fair Labor Standards Act
### (Collective Action Pursuant to 29 U.S.C. §216(b))

36. Plaintiff repeats the allegations set forth above in Paragraphs 1 through 35, and incorporates them herein by reference.

37. Defendant HCSG is an employer covered by the minimum wage and overtime requirements set forth in the FLSA.

38. As employees for Defendant, Plaintiff and the FLSA Class members work or worked hours in which they were paid no wages, including overtime wages, for their time spent working.

39. Plaintiff and the FLSA Class members do not qualify for an exemption from the overtime obligations imposed by the FLSA.

40. At all relevant times, Defendant has known that Plaintiff and the FLSA Class members are not exempt from the wage and overtime obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiff and the FLSA Class members for all hours worked over forty (40) in any workweek. In spite of such knowledge, Defendant has willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff and the FLSA Class members are entitled.

41. Pursuant to the FLSA, Plaintiff and the FLSA Class members are entitled to compensation for the unpaid overtime at a rate of one and one half times their regular rate. Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the FLSA Class members are entitled to these wages dating back three years.

42. The identities of all the FLSA Class members are unknown at this time, but are known to Defendant and are set forth in Defendant's records. Plaintiff is entitled to review these records and immediately identify the other FLSA Class members who have a right to join this collective action.

43. The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff and the FLSA Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

44. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and the FLSA Class members are entitled to review their records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendant.

45. Defendant's failure to pay Plaintiff and the FLSA Class members compensation for all hours worked at the lawful overtime rates is not based in good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA.

46. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay her proper compensation. As such, Plaintiff and the FLSA Class members are entitled to attorney fees and costs incurred pursuant to 28 U.S.C. §216(b).

47. Plaintiff brings this action collectively pursuant to the FLSA for all persons who were employed by HCSG as an Environmental Account Manager in the State of Colorado during any workweek since December 18, 2010 who were misclassified as exempt and were not paid for all hours or were not paid overtime for any hour worked in excess of forty (40) in one workweek.

48. Plaintiff is similarly situated to the FLSA Class members and will prosecute this action vigorously on their behalf.

49. Plaintiff, through counsel, will file a request under 29 U.S.C. §216 for this Court to notify all of members of the FLSA Class to allow them to opt-in to this proceeding and to be subject to this Court's decision, or that of the fact finder, on the right to the wages and overtime described above.

## COUNT TWO

### (Violations of the Colorado Wage Act ("CWA") and the Colorado Minimum Wage Orders – Class Action Pursuant to Rule 23)

50. Plaintiff repeats the allegations set forth above in Paragraphs 1 through 49, and incorporates them herein by reference.

51. Plaintiff is an adequate representative of the Colorado Wage Law Class and will fairly and adequately protect the interests of the Colorado Wage Law Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent them.

52. There is no hostility between Plaintiff and the unnamed Colorado Wage Law Class members.

53. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

54. To prosecute this case, Plaintiff has chosen counsel that is very experienced in class action litigation and has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

55. Prosecuting separate actions by individual Colorado Wage Law Class members would create a risk of inconsistent or varying adjudications with respect to individual Colorado Wage Law Class members that would establish incompatible standards of conduct for the Defendant.

56. The questions of law or fact common to Plaintiff and each Colorado Wage Law Class member's claims predominate over any questions of law or fact affecting any individual members of the Colorado Wage Law Class.

57. All claims by Plaintiff and the Colorado Wage Law Class members are based on Defendant's willful misclassification of all Environmental Services Account Managers as exempt from the overtime requirements of Colorado's wage and hour laws and willful failure to pay Plaintiff and the members of the Colorado Wage Law Class overtime.

58. Common issues predominate because liability can be determined on a class-wide basis by a determination of whether Defendant misclassified Environmental Services Account Managers as exempt from the overtime requirements of Colorado's wage and hour laws. The common issues shard by the Colorado Wage Law Class predominates over any individual questions.

59. A class action is superior to individual actions in this case because:

- Joinder of all of the Colorado Wage Law Class members' claims are impracticable given the number of Colorado Wage Law Class members;

- Individual claims by members of the Colorado Wage Law Class are impractical because the costs to pursue individual claims exceed the value of what any one member has at stake and there are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

- The interests of justice will be well-served by resolving the common disputes of potential Class members in one forum;

- Individual suits would not be cost effective or economically maintainable as individual actions; and

- This action is manageable as a class action

60. This count arises from the violation of CWA §§ 8-4-101 *et seq.* and CMWOs Nos. 24-29, for Defendant's (1) misclassification of Plaintiff and the Colorado Wage Law Class members as exempt and (2) failure to pay Plaintiff and the Colorado Wage Law Class members time and one half for all weeks in which they worked in excess of: (a) forty (40) hours per week; (b) twelve (12) hours per workday; or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday, whichever calculation results in the greater payment of wages.

61. During all times material to this complaint, Plaintiff and the Colorado Wage Law Class members were "employees" of Defendant and Defendant was an "employer" as those terms are defined under CMWOs Nos. 24-29, §2.

62. Defendant sells or offers for sale a service, which generates at least 50% or more of its annual dollar volume of business as provided in the CMWO No. 24.

63. During all times material to this complaint, Plaintiff and the Colorado Wage Law Class members along with Defendant fell under the applicable overtime protections and requirements pursuant to CMWOs Nos. 24-29, §§ 5-6.

64. Plaintiff and the Colorado Wage Law Class members do not qualify for an exemption from the overtime obligations imposed by CMWOs Nos. 24-29.

65.     At all material times to this complaint, Defendant has known that Plaintiff and the Colorado Wage Law Class members are not exempt from the wage and overtime obligations imposed by the Colorado Minimum Wage Orders, 24-29.

66.     At all material times to this complaint, Defendant HCSG has known that it is required to pay Plaintiffs for all hours worked in excess of: (a) forty (40) per workweek; (b) twelve (12) hours per workday; or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday, whichever calculation results in the greater payment of wages.

67.     Plaintiff and the Colorado Wage Law Class members routinely work(ed) in excess of: (a) forty (40) hours per workweek; (b) twelve (12) hours per workday; or (c) twelve (12) consecutive hours without regard to the starting and ending time of the workday, but did not receive compensation from Defendant at the appropriate overtime rate.

68.     In denying overtime compensation, Defendant violated the CWA and CMWOs, and in doing so, Defendant acted willfully and with reckless disregard of clearly applicable state law.

69.     The exact amount of compensation, including overtime compensation that Defendant has failed to pay the Plaintiff and the Colorado Wage Law Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

70.     During all times material to this complaint, Defendant was required to keep records documenting, among other things, all hours worked per day.  CMWOs Nos. 24-29, § 12.

71. During all times material to this complaint, Defendant failed to keep adequate records of all hours worked by Plaintiff and the Colorado Wage Law Class members.

72. Defendant violated Colorado's recordkeeping requirement, and in doing so acted willfully and with reckless disregard of applicable state law.

73. Plaintiff and the Colorado Wage Law Class members seek the full remedies under the applicable state law, including attorneys' fees and costs incurred in connection with this claim pursuant to CWA § 8-6-118 and CMWOs Nos. 24-29.

74. The identities of all the Colorado Wage Law Class members are unknown at this time, but are known to HCSG, and are set forth in HCSG's records. Plaintiff is entitled to review these records and immediately identify all of the Colorado Wage Law Class members of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against HCSG for an Order:

a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA consisting of "All persons employed by HCSG as an Environmental Services Account Manager in the State of Colorado during any workweek since December 18, 2013 who were misclassified as exempt and were not paid for all hours worked and were not paid overtime for any hour in excess of forty (40) in one workweek";

b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

c) Declaring the Colorado Wage Action to be a proper class action maintainable pursuant to Rule 23(a) and Rule 23(b)(1) and (2) or Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiffs and their counsel to be representatives of the classes as defined above;

d) Awarding to the Plaintiff, the FLSA Class members and the Colorado Wage Law Class members unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

e) Awarding Plaintiff, the FLSA Class members and the Colorado Wage Law Class members compensation for their damages and any other recovery whatsoever available by operation of law or equity;

f) Awarding Plaintiffs, the FLSA Class members and the Colorado Wage Law Class members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

g) Awarding Plaintiff, the FLSA Class members and the Colorado Wage Law Class members such other and further relief as the Court deems just and proper; and

h) For a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff, demands a trial by jury as to all claims so triable.

Dated this 18th day of December 2013.

    Respectfully submitted,

    */s/Hans A. Nilges*
    Hans A. Nilges
    Shannon M. Draher
    **MORROW & MEYER LLC**
    6269 Frank Avenue NW
    North Canton, Ohio 44720
    Telephone:   330-433-6000
    Facsimile:   330-433-6993
    Email:   hnilges@morrowmeyer.com
        sdraher@morrowmeyer.com


    */s/Robert E. DeRose*
    Robert E. DeRose
    Melissa J. Peters
    Robi J. Baishnab
    Trent R. Taylor
    **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
    250 E. Broad Street, 10th Floor
    Columbus, Ohio 43215
    Telephone:   614-221-4221
    Facsimile:   614-744-2300
    Email:   bderose@barkanmeizlish.com
        mpeters@barkanmeizlish.com
        rbaishnab@barkanmeizlish.com
        ttaylor@barkanmeizlish.com


    */s/ /George E. McLaughlin*
    George E. McLaughlin
    **LAW OFFICES OF JOHN GEHLHAUSEN, P.C.**
    22488 East Polk Drive
    Aurora, Colorado 80016
    Telephone:   303-690-8197
    Facsimile:   303-690-8198
    Email:   gmclaughlin@tractorlaw.com

    *Attorneys for Plaintiff*