**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.   13-cv-03429-REB-CBS

MARIE ACOSTA, individually and on behalf of others similarly situated,

    Plaintiff,

v.

HEALTHCARE SERVICES GROUP, INC.,

    Defendant.

## ORDER GRANTING UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION

**Blackburn, J.**

    The matter before me is **Plaintiff's Unopposed Motion for Conditional Certification** [#36],[1] filed March 17, 2014.  The parties represent that they have negotiated an agreement to conditional certification of a collective action under the Fair Labor Standards Act.  Having reviewed the parties Stipulation of Conditional Certification, I conclude that the motion is well-taken and should be granted.

    **THEREFORE, IT IS ORDERED** as follows:

    1.  That **Plaintiff's Unopposed Motion for Conditional Certification** [#36], filed March 17, 2014, is **GRANTED**;

    2.  That a collective action is **CONDITIONALLY CERTIFIED**, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA Section 16(b)"), 29 U.S.C. § 216(b), on behalf of the following class :

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

> All individuals who, during any workweek since December 18, 2010, were employed by defendant as Environmental Services Account Managers ("Account Managers") working in the company's Housekeeping Sector in facilities located in the State of Colorado.

(These individuals are referred to herein as the "Putative Collective Action Members");

    3.  That defendant expressly reserves all rights as to the limitation period applicable to the FLSA claims of individuals who join the conditionally certified collective action, and plaintiffs and their counsel will not pursue in this action any claims by or on behalf of individuals who were employed by defendant and not within the above definition of the Putative Collective Action Members and will not pursue any claims pursuant to Colorado Minimum Wage Order Nos. 24-30;

    4.  That Under FLSA Section 16(b), defendant will be permitted to move for decertification of the collective action following a period of sufficient discovery, and nothing herein shall be construed as limiting: (a) defendant's right to move for decertification and assert that this action is inappropriate to proceed to trial as a collective action; or (b) any of defendant's defenses; provided, further, that defendant further reserves its right to seek redefinition, modification, or decertification of any portion or aspect of the collective action, and defendant also reserves its right to file a motion for summary judgment as to the merits of Plaintiff's claims asserted in this action;

    5.  That plaintiffs Maria Acosta, Tom Crawford, Paul J. Roberts, Nicole Quezada, and Brandy Muller withdraw their individual claims pursuant to Colorado Minimum Wage Order Nos. 24-30 and their claims to certify a class pursuant to Colorado Minimum Wage Order Nos. 24-30; provided, further, that because the parties' stipulation to

conditionally certify a class under the FLSA was a negotiated agreement, the fact that the Colorado Minimum Wage Order Nos. 24-30 claims are withdrawn cannot be used as evidence in this matter;

      6.  That within **ten (10) calendar days** of the entry of this Order, defendant shall provide to plaintiffs' counsel the last known address and email address of Putative Collective Action Members, as defined in paragraph 2 above;

      7.  That within **twenty-one (21) calendar days** of the entry of this Order, plaintiffs' counsel shall mail by First Class U.S. Mail and email (to the extent an email address is available) with a read and delivery receipt to each Putative Collective Action Member a notice package containing finalized copies of the "Notice of Collective Action Lawsuit" and "Opt-In Consent Form," attached as Exhibits 5 and 6, respectively, to the motion [#36-5 and 36-6], a postage-paid return envelope bearing plaintiffs' counsel's address, and an envelope bearing plaintiffs' counsel's return address (collectively, the "Notice Package");

      8.  That plaintiffs' counsel shall pay all postage and printing costs associated with the preparation and mailing of the Notice Packages; provided, further, that if any Notice Package is returned with a forwarding address, plaintiff's counsel shall promptly re-mail the Notice Package to the forwarding address; that if any Notice Package is returned as undeliverable, plaintiffs' counsel shall take all reasonable steps to locate alternative addresses for the intended recipient and will promptly re-mail the Notice Package to the alternative addresses; and that plaintiffs' counsel shall courtesy-copy defendant's counsel on the email to each Putative Collective Action Member and shall, at the end of

the Notice period, provide a list of all Putative Collective Action Members to whom additional Notice Packages are mailed as a result of address changes, including the number of additional mailings made and the new addresses plaintiff's counsel has on record for Putative Class Members; and

9. That in order to participate in this action as an opt-in party plaintiff under FLSA Section 16(b), 29 U.S.C. § 216(b), a Putative Collective Action Member must complete his/her Opt-In Consent Form and return it in an envelope postmarked on or before the deadline indicated in the Notice Package, which shall be set at forty-five (45) calendar days after the initial mailing date ("Opt-In Deadline"); provided, further, that plaintiffs' counsel shall retain all postmarked envelopes they receive containing an Opt-In Consent Form for inspection on request of defendant's counsel.

Dated March 21, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge