IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-03429-REB-CBS

MARIE ACOSTA, Individually and on Behalf of Others Similarly Situated,

Plaintiff,

v.

HEALTHCARE SERVICES GROUP, INC.
Defendant.

_____

## AMENDED PROTECTIVE ORDER

_____

This matter comes before the Court on Defendant's Unopposed Motion to Amend Protective Order.  The Court has reviewed that Motion.  The Motion is meritorious and acceptable.  Therefore, IT IS ORDERED:

1.     This Amended Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Amended Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests such as: (a) personnel records of current or former employees of Defendant to the extent that such information implicates privacy interests and/or (b) proprietary business information of the Defendant that is not generally known to the public.

1

4.    Information designated "FOR ATTORNEY EYES ONLY" shall be information that includes confidential information which the producing party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

5.    Documents designated as "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY" shall be first reviewed by a lawyer, or a party should that party not be represented by a lawyer, who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).  Parties and attorneys designating documents as "Confidential" or "For Attorney Eyes Only" will be representing that such documents contain information the disclosure of which would implicate an important interest to be protected which outweighs the presumption of public access and that they will be able to identify to the Court a clearly defined and serious injury that would result if access is not restricted, as required by D.C.COLO.LCivR 7.2(B)(2) & (3).

6.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it, or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties, including designated representatives;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)    the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

7.     "FOR ATTORNEY EYES ONLY" information may be disclosed only to any persons that fall within categories (a), (b), (e), and (f), above.

8.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Amended Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A.  All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9.     Documents are designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY."

10.    In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY in a written communication or in an electronic mail message to the non-producing party.

11.    Any party who inadvertently fails to identify documents or information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents.

Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

12.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

13.     Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.  Prior to disclosure at trial or a hearing regarding CONFIDENTIAL or FOT ATTORNEY EYES ONLY information, the parties may seek further protections against public disclosure from the Court.

14.     Whenever a deposition involves the disclosure of CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY, the portions thereof that involve the disclosure of CONFIDENTIAL or FOR ATTORNEY EYES ONLY information shall be designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY and shall be subject to the provisions of this Amended Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or FOR ATTORNEY EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Transcript pages containing CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or

presenting the testimony.

15.     A party may object to the designation of particular CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY to comply with the Court's procedures, which may include filing an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Amended Protective Order.  The disputed information shall be treated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY under the terms of this Amended Protective Order until the Court rules on the dispute.   In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY.

16.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or FOR ATTORNEY EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or FOR ATTORNEY EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL or FOR ATTORNEY EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

17.     This Amended Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado this 27th day of May, 2014.

BY THE COURT:


_____s/Craig B. Shaffer_____
United States Magistrate Judge

EXHIBIT A
WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of
_____, County of _____, State of _____. My
telephone number is _____.

I am currently employed by _____, located at
_____, and my current job title is
_____.

I have read and I understand the terms of the Amended Protective Order dated
_____, filed in Civil Action No. 1:13-cv-03429-REB-CBS, *Marie Acosta,
Individually and on Behalf of Others Similarly Situated v. Healthcare Services Group, Inc.*,
pending in the United States District Court for the District of Colorado.  I agree to comply with
and be bound by the provisions of the Amended Protective Order.  I understand that any
violation of the Amended Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL"
obtained pursuant to such Amended Protective Order, or the contents of such documents, to
any person other than those specifically authorized by the Amended Protective Order.  I shall
not copy or use such documents except for the purposes of this action and pursuant to the
terms of the Amended Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall
return to the attorney from whom I have received them, any documents in my possession
designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts,
and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of
Colorado for the purpose of enforcing or otherwise providing relief relating to the Amended
Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
             (Date)                           (Signature)